**IJH LAW**
Ignacio J. Hiraldo (State Bar No. 354826)
1100 Town & Country Road Suite 1250
Orange, CA 92868
E: ijhiraldo@ijhlaw.com
T: 657.200.1403

*Counsel for Plaintiff and Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIVIANNA LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>R.M. GALICIA, INC.,<br><br>Defendant. | Case No. 5:26-cv-00091<br><br>**CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff, Evelyn Campos, brings this action against Defendant, R.M. GALICIA, INC. d/b/a Proggresive Management Systems, to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**NATURE OF THE ACTION**

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

3. Defendant is a debt collection agency specializing in medical debt collection.

4. Defendant also routinely places prerecorded voice calls to individuals'

cellular phone numbers without first obtaining the required prior express consent as required under the TCPA.

5. Such was the case with Plaintiff. Plaintiff never provided Defendant with her telephone number and never gave Defendant any type of consent or permission to contact her with prerecorded voice calls.

6. Through this action, Plaintiff seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

8. This Court has general personal jurisdiction over Defendant because Defendant is incorporated in California and has its principal place of business in West Covina, CA.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

10. Plaintiff is a natural person who, during all times relevant to this action, was a citizen of and domiciled in Riverside County, California.

11. Defendant is a California corporation with its principal place of business in West Covina, CA.

## FACTS

12. On information and belief, Defendant does not have policies or procedures in place to update the database of telephone numbers that it calls and

placed prerecorded voice calls to individuals who have not provided consent to Defendant for such calls.

13. Plaintiff was one such recipient of Defendant's unwanted prerecorded voice calls. Specifically, on November 4, 2025, Defendant harassed Plaintiff with prerecorded voice calls to her cellular telephone number ending in 4510 (the "4510 Number"). Defendant identified itself in the voicemail as Progressive Management Systems, a d/b/a of Defendant, and requested that Plaintiff call Defendant back at a number provided in the message.

14. Plaintiff is the subscriber and sole user of the 4510 Number.

15. The call to Plaintiff originated from telephone number (866-767-9323) which is owned and/or operated by Defendant.

16. Plaintiff is not, nor was, Defendant's customer.

17. Plaintiff does not, nor did, have any business relationship with Defendant.

18. Plaintiff does not, nor did, have any account with Defendant.

19. Plaintiff did not provide her cellular telephone number to Defendant.

20. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number using an artificial or prerecorded voice.

21. When Plaintiff listened to the voice message, it was patently obvious to Plaintiff's naked ear that it was prerecorded, including because the message was a generic one that was not tailored to Plaintiff, because the message sounded robotic and scripted, and because of the monotone voice of the speaker.

22. Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number, as well as the calls it placed to other consumers that have no relationship with Defendant.

23. Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

24. Plaintiff received the subject calls within this District and, therefore, Defendants' violations of the TCPA within this District.

25. Given Defendant's routine use of prerecorded calls, and failure to implement policies and procedures to update its database of telephone numbers, Plaintiff is informed and believes that Defendant placed at least 50 prerecorded voice calls to as many individuals who had not consented during the four years prior to the filing of this Complaint.

26. These individuals did not directly or indirectly provide their telephone numbers to Defendant and, therefore, Defendant did not have express consent to contact their numbers with a prerecorded voice message.

27. Defendant utilized prerecorded messages to contact Plaintiff and the putative class members because prerecorded messages are more time efficient and inexpensive than using live agents; in other words, Defendant can attempt to contact more individuals using a prerecorded message than it can by placing a manual call.

28. In other words, the use of prerecorded messages allows Defendant to reduce costs. By using prerecorded messages, Defendant can place a larger volume of calls at a lower cost than it would be able to do so if it had to hire individuals to place the calls.

29. Defendant's unsolicited calls caused Plaintiff harm, including invasion of privacy, aggravation, and annoyance. Defendant's call also inconvenienced Plaintiff and caused disruption to her daily life, and violated Plaintiff's substantive rights under the TCPA.

## CLASS ALLEGATIONS

### PROPOSED CLASS

30. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

31. Plaintiff brings this case on behalf of the Class defined as follows:

> **All persons throughout the United States (1) who are not past or present customers of Defendant (2) to whom Defendant placed, or caused to be placed, more than one call (3) directed to a number assigned to a cellular telephone service, (4) using an artificial or prerecorded voice, (5) during the four years prior to the filing of this lawsuit through and including the date of class certification.**

32. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

33. Defendant and its employees or agents are excluded from the Class.

**<u>NUMEROSITY</u>**

34. On information and belief, Defendant placed prerecorded calls to telephone numbers belonging to at least 50 individuals in the United States, without their consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

35. The exact number and identities of the members of the Class members can be determined and identified utilizing Defendant's outbound call logs, as well as telephone subscriber records identifying all instances where a cellular telephone number was assigned to an individual that is not a past or present customer of Defendant.

**<u>COMMON QUESTIONS OF LAW AND FACT</u>**

36. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

a. Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using a prerecorded message;

b. Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;

c. Whether Defendant's conduct was knowing and willful;

d. Whether Defendant is liable for damages, and the amount of such damages; and

e. Whether Defendant should be enjoined from such conduct in the future.

37. The common questions in this case are capable of having common answers.

**TYPICALITY**

38. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

39. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

40. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of

such cases.

41. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**

**Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)**

**(On Behalf of Plaintiff and the Class)**

42. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any … using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

44. Defendant transmitted calls using an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and members of the putative class.

45. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made. Defendant knew or should have known that it did not have consent to call these numbers as Defendant acquired the numbers using a skip tracing service.

46. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

47. The violations were willful or knowing because Defendant knew that it did not have prior express consent to make these calls.

48. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

49. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had revoked any express consent to receive its messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff seeks for herself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B);

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff seeks for themselves and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited prerecorded call activity, and to otherwise protect the interests of the Classes; and

g) Such further and other relief as the Court deems necessary.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Dated: January 9, 2025

Respectfully submitted,

**IJH LAW**

By: */s/ Ignacio Hiraldo*
Ignacio J. Hiraldo (State Bar No. 354826)
1100 Town & Country Road Suite 1250
Orange, CA 92868
E: ijhiraldo@ijhlaw.com
T: 657.200.1403

*Counsel for Plaintiff and Proposed Class*